## COCKE et ux. v. WRIGHT. (No. 10067.)

Court of Civil Appeals of Texas. Dallas.
Oct. 29, 1927.

**1. Building and loan associations ⬤⟞42(3)— Receivership of trust estate might be had at instance of one other than Attorney General, where he consented.**

Receivership of trust estate *held* not void on ground that only Attorney General could institute receivership proceedings, where Attorney General agreed to manner of adjudication of claims against institution and to order appointing receiver to effect that moneys should be turned over to receiver, and receivership was pending with consent of Attorney General.

**2. Receivers ⬤⟞75—Receiver of trust estate took claim in favor of estate, subject to right of set-off existing in jurisdiction where receivership was had.**

Receiver of trust estate did not occupy position of "innocent purchaser," but merely took place of insolvent, and took claim in favor of estate being administered, subject to any right of set-off then existing in jurisdiction where receivership was had.

**3. Set-off and counterclaim ⬤⟞35(1)—In suit for money- loaned by trust estate, claim for money advanced held proper counterclaim (Rev. St. 1925, arts. 2015–2017).**

In suit for money loaned by trust estate secured by mechanics' liens, claim for money advanced to various persons at estate's request and for its benefit *held* proper set-off and counterclaim, under Rev. St. 1925, arts. 2015–2017; claim not being for unliquidated or uncertain damages founded on tort or breach of covenant.

**4. Set-off and counterclaim ⬤⟞35(1)—In suit for money loaned by trust estate, claim for fees paid by other borrowers which were to be paid to defendant as attorney held proper set-off and counterclaim (Rev. St. 1925, arts. 2015–2017).**

In suit for money loaned by trust estate, secured by mechanic's liens, claim for fees paid by other borrowers for examining abstracts and drafting papers which were to be paid defendant as attorney *held* proper set-off and counterclaim, under Rev. St. 1925, arts. 2015–2017; claim not being for unliquidated or uncertain damages founded on tort or breach of covenant.

**5. Set-off and counterclaim ⬤⟞35(1)—In suit for money loaned by trust estate, claim for salary held proper set-off and counterclaim (Rev. St. 1925, arts. 2015–2017).**

In suit for money loaned by trust estate secured by mechanics' liens, claim for salary due for services as attorney *held* proper set-off and counterclaim, under Rev. St. 1925, arts 2015–2017, claim not being for unliquidated or uncertain damages founded on tort or breach of covenant.

**6. Receivers ⬤⟞75—Contention that to allow defendants' counterclaim to receiver's suit would be to prefer defendants over other creditors without counterclaims held untenable.**

Contention in receiver's suit for money loaned by trust estate, that to allow defendants' counterclaim for money advanced, attorney's fees, and salary would be to accord to defendants a preference over creditors in whose favor no counterclaim existed to amount of defendants' demand, *held* untenable, since it was only the amount due by defendants to receiver that was an asset in the hands of the trust estate for the payment of its creditors, and it was only such amount that passed to the receiver for such purpose.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Consolidated suits by G. G. Wright, receiver of the United Home Builders of America, against A. A. Cocke and wife, who counterclaimed. From a judgment in favor of plaintiff, defendants appeal. Reversed and remanded.

Tom L. McCullough and A. A. Cocke, both of Dallas, for appellants.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

COCKE v. WRIGHT
(299 S.W.)

John W. Pope and J. L. Zumwalt, both of Dallas, for appellee.

JONES, C. J. Appellee, G. G. Wright, was duly appointed receiver of the United Home Builders of America, a trust estate, by the district court for the Sixty-Eighth judicial district, the court in which judgment in this suit was entered. Appellee duly qualified as such receiver and the receivership is still pending in such court. As such receiver, he became entitled to possession of all the assets of said trust estate to administer same under the direction of the court for the benefit of its creditors and stockholders.

Prior to such receivership, appellants A. A. Cocke and his wife, Daisy Dixon Cocke, became indebted to the United Home builders of America in two different sums of money, each representing a loan to appellants under the terms of its usual contract entered into with borrowers, and secured each loan by a mechanic's lien on realty owned by appellants. Appellee brought two suits, as such receiver, for the purpose of reducing to his possession a balance alleged to be due on each of these loans; one suit being for $836.54 on one of said loans, and the other suit being for $1,355.99 on the other of said loans. A foreclosure of the mechanic's lien was asked in each suit. By agreement of the parties, these two suits were consolidated and shall be treated as one suit. Appellee recovered judgment for the sum of $2,478.41, representing the balance found to be due on the notes representing the two loans, and also foreclosed the two mechanics' liens on the property described in the petition. An appeal is duly perfected from this judgment.

Appellants, in the due order of pleading, filed a plea in abatement and an answer to the suit on its merits. The plea in abatement challenged the jurisdiction of the court to appoint the receiver on the ground that the United Home Builders of America was operated under the supervision of the commissioner of insurance and banking of Texas, as required by statutes of this state, and that, under the provisions of the statutes, the Attorney General of the state in the only person with authority to institute receivership proceedings against any co-operating savings and contract loan institution of the character of the United Home Builders of America; that the district court did not, and could not, acquire jurisdiction to appoint a receiver at the request of any other person, as was done in this receivership, and that the order appointing such receiver and all orders relating thereto are void. The answer on the merits consisted of pleas of payment and set-off; the different items claimed as a set-off, and the manner in which they arose, were specifically pleaded. It was alleged that appellant A. A. Cocke was at one time a trustee of the United Home Builders of America, and later served as its attorney.

Paragraph 4 of said answer shows that, beginning December 1, 1920, and continuing to February 15, 1922, appellant A. A. Cocke, at the request of the United Home Builders of America, and for its benefit, made payments to various persons, aggregating the sum of $4,849.05, and that at the time the receivership proceedings were instituted there was due him from such advancements a balance of $3,503.05. An itemized statement of such advancements is attached as an exhibit to and made a part of appellants' answer. The effect of the allegations in such paragraph of the answer is that the apparent assets of the United Home Builders of America were augmented by the unpaid advancement of such appellant. The pleading in reference to this asserted offset is very full in the matter of showing appellants' right to the set-off claimed.

Paragraph 5 of such answer shows that appellant A. A. Cocke, as attorney for the United Home Builders of America, was to receive all fees paid by the borrower for examining abstracts and for the drafting of the necessary papers incident to a loan; that United Home Builders of America, under the custom that had always prevailed, collected these fees and then paid them to him; that prior to April 15, 1921, said fees were forwarded to him when collected; that subsequent to such date and up to January 31, 1922, said fees were collected by the builders association and were wrongfully and fraudulently withheld from him and were appropriated by the United Home Builders of America to its own use and benefit; and that its apparent assets were augmented by the fees thus collected, which aggregated the sum of $3,281. An itemized statement of these fees is shown by an exhibit to the answer and made a part thereof. The pleading in this paragraph, in reference to showing that appellants were entitled to a set-off in the amount of such fees, is very full and complete.

By paragraph 6 of said answer, appellant A. A. Cocke shows that between December, 1921, and January, 1922, the United Home Builders of America, under a valid agreement, became indebted to him in the sum of $1,350 as salary for his services as attorney, and this sum is pleaded as an offset.

By paragraph 7 of such answer, appellants show that a controversy had arisen between the parties in reference to the above claims, and that, by mutual agreement of the parties, the entire matter was submitted to a arbitration; that the arbitrators selected met and, after a full hearing given both parties, appellant A. A. Cocke was declared to be justly entitled to, the sum of $2,503.05 for the alleged advancements, the sum of $3,281 for the attorney's fees on abstracts and preparation

of papers, and for the sum of $1,350 for services as attorney, totaling the amount of $7,134.05, which award and the amount were not excepted to and became binding on both parties. The appellants prayed in their answer that the indebtedness alleged in appellee's petition be offset by these claims, and that they have judgment against the receiver for the balance in their favor, and that foreclosure of the mechanics' liens be denied.

Against each of paragraphs 4, 5, and 6 appellee directed a special exception on the ground that the allegation shows that:

It "is a separate and distinct cause of action and not in response to the cause of action sued upon herein by the plaintiff."

Against paragraph 7 the same exception is directed, with the addition that:

"It is not alleged by the defendants that the arbitration proceedings alleged therein were had under the laws of the state of Texas and within the state of Texas."

The court sustained each of said special exceptions, and thereby struck from said answer the defense by way of set-off to appellee's suit, and denied appellants any adjudication in this suit of their claims against the receiver. The plea in abatement was overruled, and errors are duly assigned on these rulings of the trial court.

[1] There is no error in the ruling of the court on the plea in abatement, which plea challenged the jurisdiction of the court in the suit filed by appellee. The agreed statement of facts shows that the Attorney General appeared in the receivership proceedings in behalf of the commissioner of insurance and banking, and agreed to the manner of adjudication of the claims against the assets of the United Home Builders of America, and agreed to the order appointing the receiver to the effect that all securities and moneys deposited with such commissioner by the United Home Builders of America would be turned over to the receiver, and, further, that the receivership is pending in said court under the approval and consent of the Attorney General. The assignment of error, in reference to the action of the court in overruling this plea, is overruled.

[2-5] When appellee was appointed receiver and qualified as such, he was vested by operation of law with such title to all the assets of the United Home Builders of America as was necessary for him to administer them for the benefit of creditors. Such title to property, and all rights under it, passed to appellee precisely in the same plight and condition, and subject to the same equities, as the United Home Builders of America held said property. A receiver does not occupy the position of an "innocent purchaser," as that term is commonly used, but merely takes the place of the insolvent. The appointment of a receiver is not made for the purpose of

destroying the rights of persons, but rather that their rights be made more secure. 23 R. C. L. 56, and authorities cited in notes; Hastings v. Lincoln Trust Co., 115 Wash. 492, 197 P. 627, notes in 18 A. L. R. 583. A receiver therefore takes a claim in favor of the estate he is administering, subject to all the equities then existing between the parties, and, as against a demand of the receiver, a debtor is entitled to set off a claim in his own favor existing at the time when the receiver's title takes effect, provided the debtor's claim is of that character that the law, in the jurisdiction in which the receivership is pending, would have allowed the set-off against the insolvent, had there been no receivership. Scott v. Armstrong, 146 U. S. 499, 13 S. Ct. 148, 36 L. Ed. 1059, Ann. Cas. 1916D, 599, and authorities there cited. Where there existed mutual debts and mutual credits between parties prior to the appointment of a receiver for one of them, the law applicable to set-offs remains as it existed prior to the receivership. The matter of a set-off or counterclaim in this state is governed by statute, and not by the rule at common law.

Article 2015, Revised Statutes 1925, provides:

"Whenever any suit is brought for the recovery of any debt due by judgment, bond, bill or otherwise, the defendant shall be permitted to plead therein any counterclaim he may have against the plaintiff, subject to such limitations as may be prescribed by law. * * *"

Article 2016, supra, provides:

"Where the defendant has filed a counterclaim seeking affirmative relief, the plaintiff shall not be permitted, by a discontinuance of his suit, to prejudice the right of the defendant to be heard on such counterclaim."

The only limitation "prescribed by law" in reference to a defendant's right to plead a counterclaim is contained in article 2017, supra, which provides:

"If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff. If the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenent on the part of the plaintiff. However, the defendant may plead in set-off any counterclaim founded on a cause of action arising out of or incident to, or connected with, the plaintiff's cause of action."

The respective counterclaims, stricken from appellants' pleadings, do not come within the inhibitions of article 2017. Appellee's claim is one founded on a certain demand, and appellants' counterclaims are not "unliquidated or uncertain damages founded on a tort or breach of covenant," as those terms are construed by the courts of this state. It is, therefore, certain that, had there been no

receivership and the United Home Builders of America had instituted this litigation, the counterclaims as pleaded should have been adjudicated by the court under the provisions of article 2015.

[6] It is urged that, to allow appellants' counterclaim as a set-off to appellee's suit, would be to accord to appellants a preference over creditors, in whose favor no counterclaims existed, to the amount of appellee's demand. Such is not the holding of the courts. It was only the amount due by appellants to appellee that was an asset in the hands of the United Home Builders of America for the payment of its creditors, and it is only such amount that passed to the receiver for such purpose. Scott v. Armstrong, supra; Van Wagoner v. Paterson Gas Light Co., 23 N. J. Law, 283; Armstrong v. Warner, 49 Ohio St. 376, 31 N. E. 877, 17 L. R. A. 466. If the United Home Builders of America had received from appellants prior to the receivership more than sufficient money to discharge the indebtedness evidenced by the notes, then, at the time of the receivership, there was no indebtedness due from appellants, and hence no asset passed to the receiver by reason of this apparent indebtedness. The status of any balance there might be in favor of appellants in excess of appellee's claim would be that of an unsecured creditor.

The allegations in reference to the arbitration of these claims, their establishment and allowance by the arbitrators, and the acquiescence in such allowance by the United Home Builders of America was a matter of proper pleading, and if it should be determined that, by accepting the award of the arbitrators, the United Home Builders of America became bound for the indebtedness prior to the receivership proceedings, then such action would be binding on the receiver because he could assert no more right than the party in whose place he stands, and it was error to sustain the special exception directed against this paragraph of the answer.

We are, therefore, of the opinion that the court erred in sustaining each of the exceptions, and that the case should be reversed and remanded for a trial not inconsistent with the views herein expressed.

Reversed and remanded.